## STATE OF CONNECTICUT *v.* GARY GREEN
## (AC 22968)

Dranginis, West and Hennessy, Js.

Argued October 16, 2003—officially released January 20, 2004

*Alice Osedach-Powers*, assistant public defender, with whom, on the brief, was *Mary Anne Royle*, special public defender, for the appellant (defendant).

*Paul J. Narducci*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Peter A. McShane*, senior assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Gary Green, appeals from the judgment of conviction, rendered after a jury trial, of sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and conspiracy to sell narcotics by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 and 21a-278 (b). He claims that the court (1) improperly denied his motion for a judgment of acquittal, which he based on his claims that the court's instructions on accessorial liability had misled the jury and that there was no basis to support a finding that he had acted as an accessory,[1] (2) unconstitutionally placed him twice in jeopardy for the same offense, and (3) committed plain error by not reciting any of the elements of § 21a-278 (b) in its accessory charge to the jury and by failing to instruct the jury that to convict him, he must not have been drug-dependent at the time the offenses were committed. We affirm the judgment of the trial court.

[1] The defendant framed two separate, but closely related, issues in support of this general claim that we address together.

The jury reasonably could have found the following facts. On December 29, 1999, the state police narcotics task force conducted an undercover investigation of street level narcotics sales in the Boswell Avenue-Lake Street section of Norwich. An undercover officer parked on Boswell Avenue and made eye contact with a black male, identified as Wayne Goggins, standing in front of 64 Boswell Avenue. Goggins approached and asked the officer what he needed. The officer requested "a twenty," meaning $20 worth of crack cocaine. Goggins stated that "we just got a shipment in" and "they're cooking it." The officer indicated that he would wait.

According to the officer's testimony, Goggins walked back to 64 Boswell Avenue and met with someone at the corner of the building located at that address. He returned to the officer's car and apologized for the delay. Goggins then proceeded back to 64 Boswell Avenue again, entered the building and exited one minute later with the defendant in his company. The two men approached the car, but the defendant stopped approximately twenty feet short. Goggins continued to the car alone and handed the officer a quantity of crack cocaine. The officer paid Goggins $20 for the drugs. He then observed Goggins walk back to the defendant, hand him the $20 and walk with the defendant back into the building at 64 Boswell Avenue.

At trial, the defendant's motion for a judgment of acquittal was denied. The jury found him guilty on both counts. This appeal followed.

I

The defendant claims first that the court improperly denied his motion for a judgment of acquittal. His request for acquittal was based on his claims that (1) the court misled the jury by failing to distinguish between the elements of accessorial liability and conspiracy, leading it to believe that the two were inter-

changeable, which resulted in an inconsistent verdict, and (2) there was no legal basis for the court to instruct the jury on accessorial liability because there was no evidence that he had aided or abetted Goggins in the sale of narcotics. We disagree.

We first note the standard of review. "In reviewing the denial of a motion for judgment of acquittal, we employ a two part analysis. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether, from all of the evidence and the reasonable inferences drawn therefrom, the jury reasonably could have concluded that the defendant was guilty beyond a reasonable doubt." *State* v. *Salmon*, 66 Conn. App. 131, 142–43, 783 A.2d 1193 (2001), cert. denied, 259 Conn. 908, 789 A.2d 997 (2002).

## A

The defendant argues that the court improperly denied the motion for a judgment of acquittal on the first count,[2] sale of narcotics in violation of § 21a-278 (b), because his conviction as both an accessory and as a conspirator was an inconsistent verdict under the facts of the case. He argues that the court improperly failed to instruct the jury that accessorial liability is legally inconsistent with conspiracy and that a finding of guilt under one offense precluded a finding of guilt under the other. We disagree.

"The standard of review for constitutional claims of improper jury instructions is well settled. In determining whether it was . . . reasonably possible that the jury was misled by the trial court's instructions, the charge to the jury is not to be critically dissected for

---

[2] The defendant characterizes the first count as sale of narcotics as an accessory, but the court merely instructed the jury on accessory liability as another way to commit the substantive offense of sale of a narcotic substance.

the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge." (Internal quotation marks omitted.) *State* v. *Hall*, 66 Conn. App. 740, 748, 786 A.2d 466 (2001), cert. denied, 259 Conn. 906, 789 A.2d 996 (2002).

At trial, defense counsel objected generally to an instruction on accessorial liability, but failed to raise the specific argument articulated here. The defendant, however, has requested *Golding* review. *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id.

We will review the defendant's claim because he satisfies the first two prongs of *Golding*. He fails to satisfy the third prong, however, because he was not clearly deprived of his due process right to a fair trial. First, the court's charge concerning accessorial liability properly tracked General Statutes § 53a-8 and correctly explained that acting as an accessory merely is an alternative means of committing the substantive offense.[3]

---

[3] The court instructed the jury in relevant part as follows on accessory: "There's another definition that I'm going to give to you, and that is the definition of accessory. A person is guilty of a crime either because he is the principal offender or because he is an accessory. Under the law, an accessory is . . . just as guilty as if he were the principal offender. Being

Second, the defendant's argument that the court failed to explain to the jury why he was charged as both an accessory and a conspirator is without merit. It is the prosecutor's function, not the court's, to explain to the jury why a defendant is charged with certain crimes. See *State* v. *Kinchen*, 243 Conn. 690, 699, 707 A.2d 1255 (1998). Third, the court gave a clear, accurate instruction on conspiracy.

Guilt as an accessory and conspiracy are not, as the defendant contends, legally inconsistent. "Ordinarily, a jury is precluded from finding a defendant guilty of two offenses that are inconsistent as a matter of law." *State* v. *Flynn*, 14 Conn. App. 10, 26, 539 A.2d 1005, cert. denied, 488 U.S. 891, 109 S. Ct. 226, 102 L. Ed. 2d 217 (1988). "In such circumstances, the inconsistent offenses should be presented to the jury in the alternative." Id. A verdict is legally inconsistent when "the essential elements for one offense negates the existence of the essential elements for another offense of which the defendant also stands convicted." *State* v. *Hinton*, 227 Conn. 301, 313, 630 A.2d 593 (1993). For instance, a defendant cannot be convicted for both stealing and receiving the same goods. *Milanovich* v. *United States*, 365 U.S. 551, 554–55, 81 S. Ct. 728, 5 L. Ed. 2d 773 (1961).

The essential elements of the two offenses in this case, sale of narcotics and conspiracy to sell narcotics, did not negate each other.[4] The defendant's reliance on

---

an accessory to a crime is not a crime in and of itself, but it is only another way of committing a crime. The criminal responsibility of an accessory is provided by our General Statutes § 53-8, and it reads as follows . . . ."

[4] General Statutes § 53a-8 (a) defines accessorial liability as follows: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

General Statutes § 53a-48 (a) defines conspiracy as follows: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the

*State* v. *Flynn*, supra, 14 Conn. App. 10, is misplaced. In *Flynn*, the defendant argued that the court improperly failed "to instruct the jury that it could not find the defendant guilty of both a crime requiring reckless conduct and a crime requiring intentional conduct for the *doing of the same act*." (Emphasis added.) Id., 24. Acting as an accessory to a crime and conspiring to commit a crime, however, are not the same acts. One condemns *giving intentional aid* to another who engages in unlawful conduct, while the other condemns the *act of agreeing* to engage in criminal conduct. Moreover, we held in *Flynn* that "[i]t is not inconsistent . . . to find that a criminal defendant possesses two different mental states, as long as these different mental states relate to different results." Id., 27. Finally, we note that the intent requirements of the two offenses do not negate each other.

Therefore, the defendant's argument that it was legally inconsistent to find him guilty both as an accessory to a crime and as a conspirator to commit the same offense is without merit. The instruction was proper and did not yield an inconsistent verdict.

## B

The defendant also claims that there was no legal basis for the court to instruct the jury on the issue of accessorial liability because there was no evidence that he aided or abetted Goggins in selling the crack cocaine to the undercover officer. He argues that the officer's observation of Goggins immediately handing him the proceeds of the drug sale and testimony from experienced officers on the fragmented nature of street level narcotics sales provided insufficient evidence to find the defendant guilty of the sale of narcotics either as a principal or as an accessory. We disagree.

performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

The standard of review for challenges to jury instructions was recited in part I A. Because the claim of an improper jury instruction is predicated on a sufficiency of the evidence argument, we address that standard of review as well as that standard articulated in part I A. "In reviewing a sufficiency claim, we apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Greenfield*, 228 Conn. 62, 76, 634 A.2d 879 (1993).

Taking the cumulative impact of the facts presented in this case, there was sufficient incriminating evidence, both direct and circumstantial, to support the jury's finding the defendant guilty of the sale of narcotics either as a principal or as an accessory. The undercover officer testified that the defendant had accompanied Goggins from 64 Boswell Avenue as the latter approached the officer's car and completed the drug sale. Goggins then walked to the defendant, handed him the proceeds of the transaction and accompanied him back into the building at 64 Boswell Avenue. The jury also heard testimony from experienced officers on the nature of street level narcotics sales, with each describing the business as often divided into separate jobs performed by several active participants.

Therefore, as a matter of law, it was proper for the court to instruct the jury on accessorial liability as another way to commit the offense of sale of narcotics. The court properly denied the defendant's motion for a judgment of acquittal on the accessory charge because, when considering all of the evidence in the light most favorable to sustaining the verdict, the jury reasonably

could have concluded beyond a reasonable doubt that the defendant was guilty.

## II

The defendant claims next that he was unconstitutionally punished twice for his conviction under count one, sale of a narcotic substance, and count two, conspiracy to sell narcotics. He argues that under the *Blockburger* test,[5] both crimes arose from the same act and the same facts and, as charged in the information, one offense was similar to a lesser included offense of the other, thereby requiring that the conviction of the two charges be merged into the same offense for purposes of punishment. We disagree.

Although defense counsel filed a motion for a judgment of acquittal on both counts at the close of evidence, that motion did not raise the double jeopardy claim presented here. The defendant, however, has requested *Golding* review. See *State* v. *Golding*, supra, 213 Conn. 239–40. The first two prongs are satisfied, but with respect to the third prong, the alleged constitutional violation does not clearly exist.

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

The defendant argues that the two offenses, sale of narcotics and conspiracy to sell narcotics, arose out of the same act because both arose from the same facts. That is simply false. Each count charged a separate criminal act. Count one alleged the act of selling narcot-

---

[5] *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

ics either as a principal or as an accessory. Count two alleged conspiracy to sell narcotics, that is, the act of entering into an agreement with another to sell narcotics. Committing a criminal offense and conspiring to do it are separate and distinct criminal acts. The crime of conspiracy to sell narcotics requires proof of facts that the crime of sale of narcotics does not. Conspiracy requires proof of an intentional agreement with another person to commit criminal conduct. "The gravamen of the crime of conspiracy is the unlawful combination and an act done in pursuance thereof, not the accomplishment of the objective of the conspiracy." (Internal quotation marks omitted.) *State* v. *Gonda*, 53 Conn. App. 842, 850, 732 A.2d 793, cert. denied, 250 Conn. 919, 738 A.2d 660 (1999). The defendant's double jeopardy claim is without merit.

### III

The defendant's final claim is that the court committed plain error and misled the jury by not reciting any of the elements of § 21-278 (b), sale of a narcotic substance, when it delivered the accessorial liability charge and by failing altogether to recite the requirement that to be guilty under that statute, a person must not be drug-dependent. We disagree.

"A charge that demonstrates that the trial court has overlooked the applicable statute justifies consideration as plain error." (Internal quotation marks omitted.) *State* v. *Day*, 233 Conn. 813, 849, 661 A.2d 539 (1995). "The defendant cannot prevail . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. We repeatedly have observed that plain error is not even implicated unless the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) Id.

"It is, of course, constitutionally axiomatic that the jury be instructed on the essential elements of a crime charged." (Internal quotation marks omitted.) *State* v. *Allen*, 216 Conn. 367, 383, 579 A.2d 1066 (1990). "The standard of review for constitutional claims of improper jury instructions is well settled. In determining whether it was . . . reasonably possible that the jury was misled by the trial court's instructions, the charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge." (Internal quotation marks omitted.) *State* v. *Hall*, supra, 66 Conn. App. 748.

The defendant argues that the court failed to instruct the jury on the key elements of the crime charged. The court, in fact, specifically referenced § 21a-278 (b) during its charge on the first count, sale of narcotics, which immediately preceded the accessory instruction. The court stated that "a person is guilty of [sale of narcotics] when any person sells to another person a narcotic substance. And for you to find the defendant guilty of this charge, the state must prove that the defendant knowingly sold to another person any narcotic substance. And again, each of those elements must be established beyond a reasonable doubt." The court then defined the word "sale" as it appears in General Statutes § 21a-240 (50), and proceeded to instruct the jury on accessorial liability. Therefore, the defendant's claim that none of the elements for the offense of sale of a narcotic substance under § 21a-278 (b) were recited along with the accessory charge is without merit. The court referenced those statutory elements immediately preceding the accessory charge.

The defendant also argues that the court failed to instruct the jury that it had to find that he was not drug-dependent as an essential element of § 21a-278 (b). The law, however, is clear that the absence of drug dependency is *not an element* of the offense of sale of narcotics under § 21a-278 (b). *State* v. *Marrero*, 66 Conn. App. 709, 717–18, 785 A.2d 1198 (2001). "The absence of drug dependency is not an element of the offense of sale of narcotics by a person who is not drug-dependent in violation of § 21-278 (b). Rather, [like an affirmative defense] it is an exemption from liability under [General Statutes] § 21a-269. . . . Therefore, it [is] not necessary for the state to negate drug dependency . . . ." (Internal quotation marks omitted.) Id.

We therefore hold that, viewed in its entirety, the instruction to the jury was proper and that the defendant has failed to show manifest injustice requiring reversal of the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.