STATE OF CONNECTICUT *v.* EUGENE WALKER
(AC 25395)

Schaller, Flynn and Gruendel, Js.

Argued May 26—officially released August 16, 2005

*James M. Fox*, special public defender, for the appellant (defendant).

*Erik T. Lohr*, special deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Donal C. Collimore, Jr.*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Eugene Walker, appeals from the judgment of conviction, rendered following a jury trial, of sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b),[1] sale of narcotics within 1500 feet of a school in violation of General Statutes § 21a-278a (b)[2]

---

[1] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance . . . and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended . . . ."

[2] General Statutes § 21a-278a (b) provides in relevant part: "Any person who violates section 21a-277 or 21a-278 by manufacturing, distributing, selling, prescribing, dispensing, compounding, transporting with the intent to sell or dispense, possessing with the intent to sell or dispense, offering, giving or administering to another person any controlled substance in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school . . . shall be imprisoned for a term of three years, which shall not be suspended and shall be in

and possession of narcotics in violation of General Statutes § 21a-279 (a). On appeal, the defendant claims that the court deprived him of his right to a fair and impartial jury under the sixth amendment to the United States constitution by improperly (1) omitting any reference to drug dependency in the jury charge for § 21a-278 (b), (2) placing the burden of proving drug dependence on him and (3) exposing him to a penalty range higher than that mandated by the facts found as indicated by the verdict. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our analysis of the claims. On July 17, 2002, between 11:15 a.m. and 11:30 a.m., Officers Ronald Jersey and Keith Ruffin were working undercover for the tactical narcotics team of the Bridgeport police department. The officers approached the rear of 1458 East Main Street, a three story rooming house, where Jersey purchased a "slab," or small plastic bag, of crack cocaine from the defendant with a marked $20 bill. Jersey and Ruffin then departed from the area and notified the arrest team of the defendant's description and location. The arrest team soon thereafter apprehended and arrested the defendant. At the time of his arrest, the defendant possessed crack cocaine and the marked $20 bill used earlier by Jersey to purchase the cocaine.

On April 21, 2003, during a charging conference, the state moved to amend its information so as to delete the reference in the information to drug dependence, but to maintain the charge of sale of narcotics by a person who is not drug-dependent in violation of § 21a-278 (b). The court granted the state's request over the

addition and consecutive to any term of imprisonment imposed for violation of section 21a-277 or 21a-278. . . ."

defendant's objection.[3] The defendant was convicted and sentenced to eleven years in prison, execution suspended after eight years, and three years of probation. This appeal ensued.

I

The defendant first claims that the court violated his sixth amendment right to a fair and impartial jury by improperly omitting any reference to drug dependence from its jury charge for § 21a-278 (b). We are not persuaded.

"We note that the standard of review for a claim of an improper jury instruction is whether it is reasonably possible that the jury was misled. . . . In determining whether it was indeed reasonably possible that the jury was misled by the trial court's instructions, the charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied to any part of a charge is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Internal quotation marks omitted.) *State* v. *Morales*, 84 Conn. App. 283, 295–96, 853 A.2d 532, cert. denied, 271 Conn. 928, 859 A.2d 584 (2004).

"The law . . . is clear that the absence of drug dependency is *not an element* of the offense of sale of narcotics under § 21a-278 (b)." (Emphasis in original.) *State* v. *Green*, 81 Conn. App. 152, 163, 838 A.2d 1030, cert. denied, 268 Conn. 909, 845 A.2d 413 (2004). As

---

[3] The defendant unsuccessfully argued that drug dependence is an element of General Statutes § 21a-278 (b) and should not be removed from the charge.

such, a court is not obligated to instruct the jury that in order to find that the defendant violated § 21a-278 (b), it must find, inter alia, that he is not drug-dependent. On the contrary, the defendant must prove his drug dependence by a preponderance of the evidence in order to avoid liability under § 21a-278 (b). *State* v. *Hart*, 221 Conn. 595, 609, 605 A.2d 1366 (1992). "[A] person charged with sale of narcotics pursuant to § 21a-278 (b) is presumed not to have been drug-dependent, but may avoid liability under § 21a-278 (b) by proving by a preponderance of the evidence that he was drug-dependent at the time of the offense." *State* v. *Jenkins*, 41 Conn. App. 604, 609, 679 A.2d 3 (1996).

In this case, the defendant did not raise the issue of drug dependence at trial.[4] The court therefore had no evidence, let alone sufficient evidence, to instruct the jury on drug dependence. Accordingly, the state did not have the burden of proving beyond a reasonable doubt that the defendant was not drug-dependent. Instead, the state was entitled to rely on a presumption that the defendant was not drug-dependent. *State* v. *Ober*, 24 Conn. App. 347, 354–55, 588 A.2d 1080, cert. denied, 219 Conn. 909, 593 A.2d 134, 135, cert. denied, 502 U.S. 915, 112 S. Ct. 319, 116 L. Ed. 2d 260 (1991). Furthermore, because the issue of drug dependence was not before the jury, the court properly allowed the state to amend the information and to delete the reference to drug dependence in the information. The amendment to the information that deleted any reference to the defendant's not being a drug-dependent person did not change the offense and, thus, did not deprive the defendant of his right to fair notice of the charge. See *State* v. *Vaughn*, 20 Conn. App. 386, 390, 567 A.2d 392 (1989).[5]

[4] Defense counsel conceded that she did not raise the issue of drug dependence at the defendant's trial.

[5] Practice Book § 36-18 provides in relevant part: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information at any time before a verdict

## II

The defendant next claims that shifting the burden of proving drug dependence to the defendant should be "reexamined" in light of recent United States Supreme Court decisions.[6] The defendant, however, neither specifically states which Supreme Court decisions should be reviewed nor discusses which aspects of the law of such decisions are relevant to his claim. As discussed, the burden of proving drug dependence remains on the defendant, a rule firmly established in *Hart* and a rule that clearly forecloses any claim to the contrary.

## III

The defendant finally claims that, in light of the United States Supreme Court's decision in *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), he was exposed to a penalty range higher than that mandated by the facts found as reflected in the verdict. The rule in *Apprendi* requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id., 490. *Apprendi* thus applies to factual findings that serve to enhance a defendant's maximum sentence beyond that allowable under the verdict alone. Conversely, the reference to a lack of drug dependency in § 21a-278 (b) operates as an affirmative defense to reduce the maximum sentence allowed by the statute. The purpose of § 21a-278 (b) is to punish persons who are not drug-dependent and sell

or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. . . ."

[6] In his brief, the defendant states: "In light of the federal Supreme Court decisions which followed [*State* v. *Hart*, supra, 221 Conn. 595], shifting the focus from the due process clause to the jury trial right, reexamination of the burden shifting on drug dependency in General Statutes § 21a-278 (b) is warranted."

narcotics more severely than drug-dependent persons who sell those substances. *State* v. *Marrero*, 66 Conn. App. 709, 714–15, 785 A.2d 1198 (2001). Indeed, a defendant who is charged under § 21a-278 (b) is presumed to be a person who is not drug-dependent and may avoid the imposition of the mandatory minimum sentence of five years only by proving by a preponderance of the evidence that he was drug-dependent at the time of the offense.

In his brief, the defendant contends: "Without the reference [to drug dependency], § 21a-278 (b) becomes the functional equivalent of General Statutes § 21a-277 (a)[7] . . . allow[ing] the government to present a case on the lesser charge while imposing punishment intended for the greater charge."[8] The defendant, having been charged with violating § 21a-278 (b), could have made his drug-dependence an issue. Because the defendant offered no evidence that he was drug-dependent at the time of the incident at issue, he may not avoid the imposition of the minimum sentence mandated by § 21a-278 (b).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] General Statutes § 21a-277 (a) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance . . . for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned . . . ."

[8] In the charging conference, the court granted the state's motion to amend the information to drop a charge of sale of narcotics in violation of General Statutes § 21a-277 (a) and to delete any reference to drug dependence.