## STATE OF CONNECTICUT *v.* MARK A. BRESCIA
### (AC 30855)

Gruendel, Harper and Peters, Js.

Argued March 9—officially released July 20, 2010

*Kent Drager*, senior assistant public defender, for the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Seth R. Garbarsky*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. In this case, the state, concededly in error, prosecuted the defendant, Mark A. Brescia, for conspiracy to commit forgery in the first degree in violation of General Statutes §§ 53a-48 and 53a-138, even though the evidence on which it relied at the defendant's plea hearing did not support that charge. Rather, the evidence supported only a charge of conspiracy to commit forgery in the second degree in violation of General Statutes §§ 53a-48 and 53a-139. Nevertheless, the defendant pleaded guilty to conspiracy to commit forgery in the first degree and thereafter was sentenced accordingly.

At issue in this appeal is the propriety of the defendant's motion to correct an illegal sentence pursuant to Practice Book § 43-22. The defendant contends that the trial court improperly determined that it lacked jurisdiction to consider his motion. We disagree and, accordingly, affirm the judgment of the trial court.

The relevant facts are not in dispute. On August 24, 2004, the defendant knocked on the door of the home

of an eighty-three year old woman, claiming that he was collecting donations for Saint Stanislaus Church. While he distracted her, a coconspirator entered the woman's bedroom and stole her checkbook. The coconspirator unsuccessfully attempted to cash one of the woman's checks at a Stop and Shop supermarket, which led to their arrest. The coconspirator later confessed to the incident.

The defendant was charged by information with burglary in the third degree in violation of General Statutes § 53a-103, conspiracy to commit forgery in the first degree in violation of §§ 53a-48 and 53a-138, and conspiracy to commit larceny in the sixth degree in violation of General Statutes §§ 53a-48 and 53a-125b. On March 15, 2005, the defendant appeared before the court and pleaded guilty to all charges. During his plea canvass, the defendant was advised that conspiracy to commit forgery in the first degree was a class C felony that carried a maximum sentence of ten years incarceration, to which he acknowledged his understanding. The court accepted the defendant's plea as knowing and voluntary. At that time, the defendant averred that he had spoken with his attorney "about all of the facts that the state claims it has to show" and "what it would take to prove [the] charges beyond a reasonable doubt . . . ." Nevertheless, neither the defendant nor his counsel, the state's attorney or the court recognized the asymmetry between the crime of conspiracy to commit forgery in the first degree and the factual underpinnings of his prosecution.

The defendant appeared for sentencing on March 24, 2006,[1] at which time the court imposed a sentence of ten

[1] Because the defendant and his girlfriend were expecting a child in early May, the court set a sentencing date of May 24, 2005. The court advised the defendant that "[i]f you don't appear in court that day, you've [pleaded] to a number of charges that could result in a much more serious penalty . . . . In addition, you could be charged with failure to appear." Although the defendant noted his understanding of that admonition, he failed to appear on May 24, 2005. When the defendant ultimately appeared for sentencing

years imprisonment, execution suspended after three years, with three years probation on the charge of conspiracy to commit forgery in the first degree. The court imposed a concurrent sentence of five years imprisonment, execution suspended after three years, with three years probation on the charge of burglary in the third degree. The court ordered an unconditional discharge on the charge of larceny in the sixth degree. In total, the court ordered an effective sentence of ten years imprisonment, execution suspended after three years, with three years probation, which it ordered to run consecutively to a six month term of imprisonment the defendant received upon being held in contempt in an unrelated matter.

On November 10, 2008, the defendant filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22, claiming that "the court sentenced the [d]efendant for the wrong crime." Because the undisputed facts on which the guilty plea was accepted did not support the charge of conspiracy to commit forgery in the first degree, the defendant insisted that the sentence was illegal.[2] Following a hearing, the court dismissed the defendant's motion, and this appeal followed.

The defendant's principal contention is that the court improperly concluded that it lacked subject matter jurisdiction to consider the motion to correct an illegal sentence.[3] His claim presents a question of law over

on March 24, 2006, the state indicated that, in the interim, he had been arrested twice, had been held in contempt by the court and had been charged with failure to appear.

[2] The defendant concedes that those facts support a conviction for conspiracy to commit forgery in the second degree. Forgery in the second degree is a class D felony; General Statutes § 53a-139 (c); punishable by a term of imprisonment of not less than one year and not more than five years. See General Statutes § 53a-35a.

[3] The defendant also maintains that his sentence runs afoul of the rule set forth in *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny. In *Apprendi*, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum

which our review is plenary. *State* v. *Koslik*, 116 Conn. App. 693, 697, 977 A.2d 275, cert. denied, 293 Conn. 930, 980 A.2d 916 (2009).

The defendant's claim is controlled by the decision of our Supreme Court in *State* v. *Lawrence*, 281 Conn. 147, 913 A.2d 428 (2007). The defendant in that case claimed that "he improperly had been convicted of manslaughter in the first degree with a firearm, and that, had he properly been convicted of manslaughter in the first degree, his sentence of imprisonment could not have exceeded twenty years. According to the defendant, because he was sentenced to thirty-five years imprisonment, his sentence exceeded the statutory maximum permitted under the sentencing statute . . . ." (Citation omitted.) Id., 151–52. The defendant reasoned that "because his conviction is illegal, his sentence is necessarily illegal and, therefore, his claim falls within the purview of § 43-22." Id., 152–53. The Supreme Court concluded otherwise. It first noted that "the jurisdiction of the sentencing court terminates once a defendant's sentence has begun and that a court may not take action affecting a defendant's sentence unless it expressly has been authorized to act." Id., 154. It then turned its attention to Practice Book § 43-22, emphasizing that "for the trial court to have jurisdiction to consider the defendant's claim of an illegal sentence, the claim must fall into one of the categories of claims that,

---

must be submitted to a jury, and proved beyond a reasonable doubt." Id., 490. *Apprendi* "thus applies to factual findings that serve to enhance a defendant's maximum sentence beyond that allowable under the verdict alone." *State* v. *Walker*, 90 Conn. App. 737, 742, 881 A.2d 406, cert. denied, 275 Conn. 930, 883 A.2d 1252 (2005). The defendant failed to preserve that claim before the trial court and now seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Such review is unwarranted. *State* v. *Starks*, 121 Conn. App. 581, 592, 997 A.2d 546 (2010) (*Golding* review of unpreserved claim regarding illegal sentence unavailable due to trial court's exclusive authority and superior position to correct illegal sentence and fact that defendant retains "the right, at any time, to file a motion to correct an illegal sentence" to pursue unpreserved claim).

under the common law, the court has jurisdiction to review. . . . Connecticut courts have considered four categories of claims pursuant to § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable." (Citations omitted.) Id., 155–57.

In analyzing the defendant's claim, the Supreme Court explained that "a challenge to the legality of a sentence focuses not on what transpired during the trial or on the underlying conviction. In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, *the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack.* In the present case, the defendant's claim, by its very nature, presupposes an invalid conviction. The defendant does not claim, nor could he, that the sentence he received exceeded the maximum statutory limits prescribed for the crime for which he was convicted; rather, he claims that he should have been convicted of a crime that has a lesser maximum statutory limit. He also does not claim that he was denied due process at his sentencing hearing or that his sentence is ambiguous or internally contradictory." (Emphasis added.) Id., 158–59. As a result, the court held that the defendant's claim fell outside "that set of narrow circumstances" in which a trial court may consider a claim of an illegal sentence, thereby depriving the court of subject matter jurisdiction over the motion. Id., 159.

Similarly, the subject of the defendant's attack in the present case is the underlying conviction, not the

sentencing proceeding. He does not allege that the sentence he received exceeded the prescribed statutory maximum for the crime to which he pleaded guilty. He simply asserts, as did the defendant in *Lawrence*, that "he was convicted of the wrong crime." *State* v. *Lawrence*, 91 Conn. App. 765, 775, 882 A.2d 689 (2005), aff'd, 281 Conn. 147, 913 A.2d 428 (2007). Under Connecticut law, that collateral attack on his conviction does not fall within the purview of Practice Book § 43-22. See *State* v. *Lawrence*, supra, 281 Conn. 159; *State* v. *Delgado*, 116 Conn. App. 434, 439–40, 975 A.2d 736 (2009); *State* v. *Wright*, 107 Conn. App. 152, 157, 944 A.2d 991, cert. denied, 289 Conn. 933, 958 A.2d 1247 (2008); *State* v. *Mollo*, 63 Conn. App. 487, 491–92, 776 A.2d 1176, cert. denied, 257 Conn. 904, 777 A.2d 194 (2001). As such, the court properly dismissed the defendant's motion to correct an illegal sentence for lack of subject matter jurisdiction.

To its credit, the state recognizes that the defendant's conviction for conspiracy to commit forgery in the first degree cannot stand. It concedes that the defendant erroneously was charged with conspiracy to commit forgery in the first degree, rather than in the second degree. The state further acknowledges that the defendant's "inability to prevail upon the claims raised herein is not an indication that the mistake which occurred in this case is of no consequence and cannot be challenged," noting the defendant's pending habeas corpus proceeding in the Superior Court.[4] In addition, the state submits that permission to file an untimely appeal from

---

[4] Procedurally, the filing of the present motion to correct an illegal sentence is a prerequisite to raising that claim before the habeas court. See *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 38, 779 A.2d 80 (2001) ("before seeking to correct an illegal sentence in the habeas court, a defendant either must raise the issue on direct appeal or file a motion pursuant to [Practice Book] § 43-22 with the trial court").

the judgment of conviction is warranted under the circumstances. Doubtless, this appeal is not the final chapter in this story.

The judgment is affirmed.