STATE OF CONNECTICUT *v.* TOSHIO KO LOKTING
(AC 31880)

Gruendel, Robinson and Bear, Js.

Argued March 10—officially released April 26, 2011

*Norman A. Pattis*, with whom were *Kelly A. Rommel* and, on the brief, *Kevin M. Smith*, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Toshio Ko Lokting, appeals from the judgment of conviction, following a

jury trial, of larceny in the sixth degree in violation of General Statutes (Rev. 2007) § 53a-125b and conspiracy to commit larceny in the third degree in violation of General Statutes (Rev. 2007) §§ 53a-48 and 53a-124 (a) (2). On appeal, the defendant claims that the court improperly denied his motion for a judgment of acquittal because his convictions are legally inconsistent and the evidence adduced at trial was insufficient to sustain his conviction of conspiracy to commit larceny in the third degree. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At approximately 12:30 p.m. on May 21, 2007, the defendant and Phillip Lozito entered a clothing store in New Canaan. The men entered the store separately carrying shopping bags and proceeded to walk around the store for approximately ten minutes, seemingly browsing the merchandise. Shortly thereafter, employees informed the store manager, Richard Abbott, that the men appeared to be acting suspiciously and that one of the men, later identified as Lozito, had taken store merchandise and left the store without paying for it. Abbott then left the store to pursue Lozito, who quickly was located and arrested by New Canaan police officers. A search of Lozito's car revealed numerous items of store merchandise, a photocopy of the defendant's driver's license affixed to an eBay facsimile and a postage box with the defendant's name on it. The merchandise found in Lozito's car later was examined by a store manager and its monetary value was confirmed to be approximately $1800.

Subsequently, Officer Jeffrey Deak of the New Canaan police department began an investigation into the defendant's involvement with the store theft. In addition to reviewing the store's surveillance video of the incident, Deak questioned store employees working at the time of the theft, who identified the defendant from a photographic array as one of the two men they

had reported to Abbott as acting suspiciously. On the basis of this information, as well as the evidence recovered from Lozito's car, Deak applied for an arrest warrant for the defendant, and, on January 28, 2009, the defendant was arrested on charges of larceny in the third degree and conspiracy to commit larceny in the third degree. At the time of his arrest, the defendant questioned why he was being charged with a felony, stating that the store items that had been taken could not be worth more than a "couple hundred dollars."

Following a jury trial, the defendant was found guilty of conspiracy to commit larceny in the third degree, not guilty of larceny in the third degree and guilty of the lesser included offense of larceny in the sixth degree. Thereafter, the court denied the defendant's motion for a judgment of acquittal, and, on December 29, 2009, the defendant was sentenced to a total effective term of three years incarceration, execution suspended after one year, with five years of probation. This appeal followed.

I

The defendant first claims that the court improperly denied his motion for a judgment of acquittal because his conviction of both conspiracy to commit larceny in the third degree and larceny in the sixth degree was legally inconsistent. Specifically, he argues that his convictions are mutually exclusive, in that they are "the result of two positive findings of fact that cannot logically coexist." (Internal quotation marks omitted.) *State* v. *Arroyo*, 292 Conn. 558, 584 n.21, 973 A.2d 1254 (2009), cert. denied, 559 U.S. 911, 130 S. Ct. 1296, 175 L. Ed. 2d 1086 (2010). We disagree.

"The general rule to which we subscribe is that factual consistency in the verdict is not necessary. Each count in an indictment is regarded as if it [were] a separate indictment. . . . Where the verdict could

have been the result of compromise or mistake, we will not probe into the logic or reasoning of the jury's deliberations or open the door to interminable speculation. . . .

"We employ a less limited approach, however, when we are confronted with an argument that the verdicts are inconsistent as a matter of law or when the verdicts are based on a legal impossibility. . . . In response to such a claim, we look carefully to determine whether the existence of the essential elements for one offense negates the existence of the essential elements for another offense of which the defendant also stands convicted. If that is the case, the verdicts are legally inconsistent and cannot withstand challenge." (Citations omitted; internal quotation marks omitted.) *State* v. *Hinton*, 227 Conn. 301, 313, 630 A.2d 593 (1993); see also *State* v. *Arroyo*, supra, 292 Conn. 584 n.21 ("[convictions] are mutually exclusive if the existence of any of the elements of one offense negates the existence of any of the elements for another offense of which the defendant also stands convicted" [internal quotation marks omitted]).

Given the defendant's claim that his conviction of both charges was legally inconsistent, we must now determine whether the existence of the essential elements of one offense negates the existence of the essential elements of the other offense of which the defendant also stands convicted.

A

Elements of Conspiracy to Commit Larceny in the Third Degree

Pursuant to General Statutes (Rev. to 2007) § 53a-124 (a), "[a] person is guilty of larceny in the third degree when he commits larceny as defined in section 53a-119, and . . . (2) the value of the property . . .

exceeds one thousand dollars . . . ." General Statutes § 53a-119 provides in relevant part that "[a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ." As such, larceny in the third degree consists of two essential elements: (1) the intentional deprivation of an owner's property through the wrongful taking, obtaining or withholding of such property; and (2) the value of the property exceeds $1000.

Additionally, § 53a-48 (a) provides in relevant part that "[a] person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy." Therefore, a conspiracy also consists of two essential elements: (1) a specific agreement to engage in or cause the performance of conduct constituting a crime and (2) an overt act in pursuance of that agreement.

Accordingly, to be convicted of conspiracy to commit larceny in the third degree, the state must prove two essential elements beyond a reasonable doubt: (1) a specific agreement to intentionally deprive an owner of property valued at more than $1000 and (2) an overt act in furtherance of that agreement. See *State* v. *Green,* 81 Conn. App. 152, 157–58, 838 A.2d 1030, cert. denied, 268 Conn. 909, 845 A.2d 413 (2004).

B

Elements of Larceny in the Sixth Degree

Pursuant to General Statutes (Rev. to 2007) § 53a-125b (a), "[a] person is guilty of larceny in the sixth degree when he commits larceny as defined in section 53a-119 and the value of the property is two hundred fifty dollars or less." Thus, larceny in the sixth degree

consists of two essential elements: (1) the intentional deprivation of an owner's property through the wrongful taking, obtaining or withholding of such property; see General Statutes § 53a-119; and (2) the value of the property is $250 or less.

## C

### Consistency of the Elements of the Offenses

Having carefully reviewed the essential elements of the offenses of which the defendant was convicted, it is readily apparent that the existence of the essential elements of conspiracy to commit larceny in the third degree does not negate the existence of the essential elements of larceny in the sixth degree. More precisely, demonstrating that the defendant specifically agreed with Lozito to deprive the store of property valued at more than $1000 and that an overt act was taken in furtherance of this agreement is entirely consistent with demonstrating that the defendant, as a coconspirator, intentionally deprived the store of property and that property ultimately was worth $250 or less.

In reaching this conclusion it is important to emphasize the specific intent elements attendant to the defendant's conviction of both conspiracy to commit larceny in the third degree and larceny in the sixth degree, especially as such intent relates to the monetary value of the subject property. For purposes of the conspiracy conviction, the state had to prove beyond a reasonable doubt that the defendant conspired with another with the specific intent *to deprive the store of property valued at more than $1000*. For purposes of the larceny conviction, however, the state needed only to prove beyond a reasonable doubt that the defendant specifically intended to deprive the store of property and that he did so, *not that he did so with the specific intent of depriving the store of property of a certain monetary value*. Therefore, where specific intent to deprive the

store of property of a certain monetary value is required for a conviction of one offense—conspiracy to commit larceny in the third degree—it is not required for a conviction of the other offense—larceny in the sixth degree. As is the situation here, it is entirely possible that the defendant may have intentionally agreed with Lozito to deprive the store of property valued at more than $1000, although subsequently it was determined that this property was valued at $250 or less. The fact that the defendant may have specifically agreed with Lozito to steal property worth more monetarily than that which he was found to have actually stolen does not render the convictions in the present case legally inconsistent. To the contrary, by demonstrating that the defendant specifically agreed with Lozito to deprive the store of property worth more than $1000, it follows a fortiori that the state demonstrated that the defendant intended to deprive the store of property. Accordingly, the defendant's claim fails.

## II

The defendant also claims that the court improperly denied his motion for a judgment of acquittal because the evidence adduced at trial was insufficient to sustain his conviction of conspiracy to commit larceny in the third degree. Specifically, he argues that the state failed to produce sufficient evidence of both an agreement to commit larceny and the monetary value of the property stolen from the store. We disagree.

"The standard of review [that] we [ordinarily] apply to a claim of insufficient evidence is well established. In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably

could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . In evaluating evidence, the trier of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The trier may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . . This does not require that each subordinate conclusion established by or inferred from the evidence, or even from other inferences, be proved beyond a reasonable doubt . . . because this court has held that a jury's factual inferences that support a guilty verdict need only be reasonable. . . .

"[A]s we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the trier, would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty. . . . Furthermore, [i]n [our] process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts [that] establishes guilt in a case involving substantial circumstantial evidence." (Citation omitted; internal quotation marks omitted.) *State* v. *Hedge*, 297 Conn. 621, 656–57, 1 A.3d 1051 (2010).

Here, the state relied on the cumulative impact of a multitude of facts to demonstrate the existence of an agreement between the defendant and Lozito to commit larceny of goods valued at more than $1000. Beginning

with the surveillance video of May 21, 2007, the state argued that the defendant and Lozito acted in concert by wrongfully taking store merchandise and storing the stolen items in Lozito's car to be sold later on eBay. To support its theory of agreement, the state further relied on the fact that a photocopy of the defendant's driver's license affixed to an eBay facsimile, as well as a postage box with the defendant's name on it, were discovered in Lozito's car. Moreover, with respect to the monetary value of the stolen items supporting the conspiracy charge, the state presented the testimony of police officers and store employees, who confirmed that the store merchandise found in Lozito's car was worth approximately $1800. Finally, the arresting officers testified as to the inculpatory statements made by the defendant at the time of his arrest.

We are mindful that our review is limited to a consideration of whether the evidence, construed in a light most favorable to sustaining the verdict, would allow a jury reasonably to conclude that the cumulative force of the evidence established guilt beyond a reasonable doubt. See *State* v. *Hedge*, supra, 297 Conn. 656–57. We conclude that the evidence in the present case, although not overwhelming, was sufficient to sustain the verdict. Accordingly, the defendant's argument to the contrary is unavailing.

The judgment is affirmed.

In this opinion the other judges concurred.