******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## STATE OF CONNECTICUT *v.* RYAN BRYAN
## (AC 46657)

Alvord, Elgo and Clark, Js.

*Syllabus*

The defendant appealed from the trial court's denial of his motion to correct an illegal sentence. The defendant claimed, inter alia, that his guilty plea in the underlying criminal trial to being a persistent dangerous felony offender in violation of statute (§ 53a-40) was defective. *Held*:

The trial court improperly denied the defendant's motion to correct an illegal sentence because the motion challenged the validity of the defendant's guilty plea and the propriety of the plea proceedings, rather than the sentence or sentencing proceedings, and, accordingly, the court lacked subject matter jurisdiction over the motion and should have dismissed the motion.

This court declined to review the defendant's unpreserved claim that the sentencing court improperly failed to specify which portion of his sentence was attributable to the enhancement imposed pursuant to § 53a-40.

Argued October 22—officially released November 26, 2024

*Procedural History*

Substitute information charging the defendant with two counts of the crime of assault in the first degree and with one count each of the crimes of criminal possession of a pistol or revolver, criminal possession of a firearm, and carrying a pistol without a permit, and, in a part B information, with being a persistent dangerous felony offender, brought to the Superior Court in the judicial district of New Haven, geographical area number seven, where the defendant was presented to the court, *Clifford, J.*, on a plea of guilty to one count of assault in the first degree, criminal possession of a firearm, and being a persistent dangerous felony offender; judgment of guilty in accordance with the plea; thereafter, the state entered a nolle prosequi as to the remaining charges; subsequently, the court, *Harmon, J.*, denied the defendant's motion to correct an illegal sentence, from which the defendant appealed to this

court. *Improper form of judgment*; *reversed*; *judgment directed.*

*Ryan Bryan*, self-represented, the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Alexander O. Kosakowski*, *Scott A. Warden*, and *Bharbara V. Rocha*, certified legal interns, for the appellee (state).

*Opinion*

PER CURIAM. The self-represented defendant, Ryan Bryan, appeals from the judgment of the trial court denying his motion to correct an illegal sentence filed pursuant to Practice Book § 43-22.[1] The defendant first claims that the court erred in denying his motion because his guilty plea to being a persistent dangerous felony offender pursuant to General Statutes § 53a-40[2]

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[2] General Statutes § 53a-40 provides in relevant part: "(a) A persistent dangerous felony offender is a person who . . . (1) (A) Stands convicted of . . . assault in the first degree . . . and (B) has been, prior to the commission of the present crime, convicted of and imprisoned under a sentence to a term of imprisonment of more than one year or of death, in this state or in any other state or in a federal correctional institution, for any of the . . . crimes enumerated in subparagraph (A) of this subdivision or an attempt to commit any of said crimes . . . .

"(i) When any person has been found to be a persistent dangerous felony offender, the court, in lieu of imposing the sentence of imprisonment authorized by the general statutes for the crime of which such person presently stands convicted, shall (1) sentence such person to a term of imprisonment that is not (A) less than twice the minimum term of imprisonment authorized for such crime, or (B) more than twice the maximum term of imprisonment authorized for such crime or forty years, whichever is greater, provided, if a mandatory minimum term of imprisonment is authorized for such crime, such sentence shall include a mandatory minimum term of imprisonment that is twice such authorized mandatory minimum term of imprisonment . . . ."

was defective or, in the alternative, that the court should have dismissed his motion for lack of subject matter jurisdiction, rather than denying it on the merits.[3] Second, the defendant claims, for the first time on appeal, that the sentencing court improperly failed to specify which portion of his sentence was attributable to the enhancement imposed pursuant to § 53a-40. With respect to the first claim, we conclude that the trial court lacked subject matter jurisdiction over the defendant's claim and, accordingly, that the court should have dismissed the motion to correct. We further conclude that the defendant is not entitled to review of his unpreserved second claim. Accordingly, we reverse the judgment of the trial court and remand with direction to dismiss the defendant's motion to correct.

The following procedural history is relevant to the defendant's claims. On April 25, 2018, the defendant pleaded guilty to assault in the first degree in violation of General Statutes § 53a-59 (a) (1), and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). During the same plea hearing, the defendant also pleaded guilty to a part B information charging him with being a persistent dangerous felony offender in violation of § 53a-40 (a) (1).[4] As the basis for the persistent dangerous felony offender charge, the state alleged that the defendant previously had been convicted of attempt to commit assault in the first degree and that he had

---

[3] The state argues both that the trial court lacked jurisdiction over the motion to correct *and* that this court lacks jurisdiction to review the defendant's claim on appeal. It is well established, however, that "[t]he trial court's lack of subject matter jurisdiction does not . . . deprive this court of appellate jurisdiction" to determine whether the trial court had jurisdiction. *Finley* v. *Inland Wetlands Commission*, 289 Conn. 12, 31 n.14, 959 A.2d 569 (2008).

[4] We note that, although both parties cite to the transcripts of the plea and sentencing proceedings in their briefs, it appears from the record that such transcripts were not ordered or filed in accordance with Practice Book § 63-8. In light of our resolution of the defendant's claims, we need not address any issues regarding the adequacy of the record on appeal.

been imprisoned for more than one year for such conviction. On July 18, 2018, the court, *Clifford, J.*, sentenced the defendant to a term of seventeen years of incarceration, ten years of which was a mandatory minimum.

On July 18, 2022, the defendant filed the instant motion to correct an illegal sentence. The court, *Harmon, J.*, held a hearing on the defendant's motion on May 2, 2023, during which the defendant argued that he was improperly found to be a persistent dangerous felony offender because his guilty plea to the part B information was procedurally defective.[5] Specifically, the defendant argued that, because § 53a-40 (a) (1) provides for a sentence enhancement for a person who "stands convicted" of an eligible offense after having been convicted of and imprisoned for a prior eligible offense; see footnote 2 of this opinion; the court was required to hold a separate plea proceeding on the part B information *after* it had accepted his guilty plea to the eligible offense with which he was charged in this case, namely, assault in the first degree. The defendant further argued that, because the court did not follow that procedure, "[it was] impossible for [him] to be considered to be a persistent [dangerous felony] offender at [the] time [he pleaded guilty to the part B information]" because he was "not yet convicted of assault [in the first degree]." The defendant further claimed that the alleged impropriety in the plea proceedings violated his right to due process. The court denied the defendant's motion on the record. This appeal followed.

---

[5] Prior to the hearing, Attorney Justine Whalen was appointed as counsel for the defendant for the limited purpose of determining whether there was a sound basis for the motion to correct. See *State* v. *Casiano*, 282 Conn. 614, 627, 922 A.2d 1065 (2007). On April 24, 2023, Whalen filed a motion to withdraw her appearance on the ground that she had determined there was no sound basis for the motion to correct. At the outset of the hearing, the court granted the motion to withdraw; thereafter, the defendant elected to proceed in a self-represented capacity.

The following legal principles and standard of review are applicable to the defendant's claims. "The determination of whether a claim may be brought via a motion to correct an illegal sentence presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *State* v. *Smith*, 213 Conn. App. 848, 853, 279 A.3d 303, cert. denied, 345 Conn. 963, 285 A.3d 387 (2022). "A motion to correct an illegal sentence under Practice Book § 43-22 constitutes a narrow exception to the general rule that, once a defendant's sentence has begun, the authority of the sentencing court to modify that sentence terminates." (Internal quotation marks omitted.) Id., 853–54. "In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the [proceedings] leading to the conviction, must be the subject of the attack." (Internal quotation marks omitted.) *State* v. *Casiano*, 122 Conn. App. 61, 68, 998 A.2d 792, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).

"Our appellate courts have held that a trial court lacks subject matter jurisdiction over a motion to correct challenging alleged flaws in the plea process." *State* v. *King*, 220 Conn. App. 549, 563, 300 A.3d 626, cert. denied, 348 Conn. 918, 303 A.3d 1194 (2023); see id. (court lacked jurisdiction over motion to correct claiming that court failed to conduct proper canvass and make statutorily required findings prior to accepting plea); see also *State* v. *Das*, 291 Conn. 356, 363 n.3, 968 A.2d 367 (2009) ("[t]o the extent that the defendant's claims are based on alleged flaws in the court's acceptance of his plea, Practice Book § 43-22 is clearly inapplicable"); *State* v. *Boyd*, 204 Conn. App. 446, 456–57, 253 A.3d 988 (court lacked jurisdiction over motion to correct that was "nothing more than a collateral attack on the plea underlying the defendant's conviction rather than a true challenge to the legality of the sentence

imposed or to the sentencing proceedings"), cert. denied, 336 Conn. 951, 251 A.3d 617 (2021).

With respect to the defendant's claim that his guilty plea to being a persistent dangerous felony offender was defective, we conclude that the court lacked jurisdiction over that claim because it challenges the validity of the defendant's guilty plea and the propriety of the plea proceedings, rather than the sentence or sentencing proceedings. The defendant argues in his brief that his "[s]entence is illegal because [his] plea on the underlying assault was not separated from the persistent [dangerous felony] offender enhancement." He further argues that "[t]o be charged with the part B information, there has to be a separate proceeding, then the defendant has to be canvassed for persistent [dangerous felony] offender enhancement" and that "the lack of a second canvass deprived the defendant [of] procedural due process . . . ." Because the defendant's claim "is a collateral attack on the plea process rather than a true challenge to the legality of his sentence or the manner in which his sentence was imposed"; *State* v. *King*, supra, 220 Conn. App. 565; we conclude that the court lacked subject matter jurisdiction over the defendant's motion.

With respect to the defendant's unpreserved claim that his sentence lacked specificity with respect to the portion attributable to § 53a-40, the defendant seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). This court, however, has declined to grant *Golding* review of an unpreserved claim on appeal from the denial of a motion to correct illegal sentence because "[o]ur rules of practice confer the authority to correct an illegal sentence on the trial court, and that court is in a superior position to fashion an appropriate remedy for an illegal sentence. . . . Furthermore, the defendant has the right, at any time, to file a motion to correct an illegal sentence and raise

[a] . . . claim [challenging the legality of his sentence] before the trial court. Typically, our appellate courts afford review under *Golding* . . . in circumstances in which the failure to undertake such an extraordinary level of review, effectively, would preclude an appellant from obtaining *any* judicial review of the claim raised. That is not the case here." (Citation omitted; emphasis in original.) *State* v. *Starks*, 121 Conn. App. 581, 592, 997 A.2d 546 (2010); see also *State* v. *Heriberto B.*, 207 Conn. App. 192, 209–10, 261 A.3d 838, cert. denied, 340 Conn. 903, 263 A.3d 100 (2021); *State* v. *Syms*, 200 Conn. App. 55, 59–60, 238 A.3d 135 (2020); *State* v. *Brescia*, 122 Conn. App. 601, 604 n.3, 999 A.2d 848 (2010).

In the present case, the defendant may obtain review of his claim by filing a motion to correct in the trial court, which "is in a superior position to fashion an appropriate remedy for an illegal sentence." *State* v. *Starks*, supra, 121 Conn. App. 592. Accordingly, we decline to review the defendant's unpreserved claim.[6]

The form of the judgment is improper; the judgment denying the defendant's motion to correct an illegal sentence is reversed and the case is remanded with direction to render a judgment of dismissal.

---

[6] As we recognized in *State* v. *Heriberto B.*, supra, 207 Conn. App. 192, although our Supreme Court has, in other circumstances, reviewed unpreserved claims on appeal from the denial of a motion to correct; see *State* v. *McCleese*, 333 Conn. 378, 425 n.24, 215 A.3d 1154 (2019); *State* v. *Evans*, 329 Conn. 770, 809 n.27, 189 A.3d 1184 (2018), cert. denied,      U.S.    , 139 S. Ct. 1304, 203 L. Ed. 2d 425 (2019); see also *State* v. *Arnold*, 205 Conn. App. 863, 868–69, 259 A.3d 716 (applying *Golding* but concluding that record was inadequate to review unpreserved claim), cert. denied, 339 Conn. 904, 260 A.3d 1225 (2021); those cases did not overrule *Starks* and, therefore, do not compel us to review the defendant's claim. See *State* v. *Heriberto B.*, supra, 210 n.15.