STATE OF CONNECTICUT *v.* LENORIS STARKS
(AC 29836)

Bishop, DiPentima and Harper, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued December 10, 2009—officially released June 8, 2010

*Lenoris Starks*, pro se, the appellant (defendant).

*Timothy F. Costello*, deputy assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, and *Anthony Bochicchio*, senior assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Lenoris Starks, appearing pro se, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant claims that (1) the court improperly rejected his claim that his sentence was imposed in an illegal manner because the sentencing court mistakenly believed that it was obligated to impose a mandatory minimum sentence of three years for the defendant's violation of General Statutes § 21a-278a (b) and, consequently, improperly failed to permit the defendant to speak in mitigation of such sentence; (2) the court improperly rejected his claim that his conviction under General Statutes § 21a-278 (b) was void ab initio and that the sentencing court committed plain error by sentencing him pursuant to § 21a-278 (b); and (3) the sentence imposed for his violation of General Statutes §§ 21a-279 (b) and 21a-278 (b) violated the constitutional prohibition against double jeopardy. We reverse the judgment of the trial court only as it relates to the portion of the defendant's motion to correct that

challenged the sufficiency of the evidence for his conviction under § 21a-278 (b). We affirm the judgment of the trial court in all other respects.

The following facts underlie the defendant's appeal. Following a jury trial, the defendant was convicted of possession of a hallucinogenic substance in violation of § 21a-279 (b), possession of a hallucinogenic substance with intent to sell by a person who is not drug-dependent in violation of § 21a-278 (b), possession of a hallucinogenic substance with intent to sell within 1500 feet of a public housing project in violation of § 21a-278a (b), possession of less than four ounces of marijuana in violation of § 21a-279 (c) and possession of marijuana with intent to sell in violation of General Statutes § 21a-277 (b).[1] The conviction arose from the defendant's conduct on January 31, 2003, when police officers, who were executing a search warrant at a residence in Danbury, observed the defendant at the residence engaging in conduct that was consistent with the illegal sale of drugs. Police surrounded the defendant as he attempted to leave the residence and, during a patdown search of the defendant, a police officer seized 3.25 grams of marijuana and ten pills containing ecstasy, a hallucinogenic substance, from the defendant's watch pocket. This court affirmed the judgment of conviction following the defendant's direct appeal. *State* v. *Starks*, 94 Conn. App. 325, 892 A.2d 959, cert. denied, 278 Conn. 918, 901 A.2d 44 (2006).

In October, 2007, the defendant filed a pro se motion in the Superior Court to correct an illegal sentence.[2]

---

[1] The court imposed a total effective sentence of eighteen years imprisonment.

[2] Also, relying on *State* v. *Casiano*, 282 Conn. 614, 627–28, 922 A.2d 1065 (2007), the defendant requested the appointment of counsel with regard to his motion to correct an illegal sentence. The court appointed a public defender to review the motion, and the public defender reported to the court that a sound basis did not exist for the filing of the motion or from an appeal from the denial of the motion. Thereafter, the court informed the defendant that it would not appoint counsel to represent him. Later in the

The defendant set forth four grounds in support of his motion: (1) that the sentencing court mistakenly believed that it had to impose a mandatory minimum sentence of three years incarceration for his violation of § 21a-278a (b) and, consequently, improperly failed to permit him to speak in mitigation of such sentence; (2) that the sentencing court improperly sentenced him under § 21a-278 (b) because that statutory provision did not criminalize the possession of the amount of illegal drugs that were found in his possession; (3) that the court lacked subject matter jurisdiction to convict him under § 21a-278 (b) because that statutory provision did not criminalize the possession of the amount of illegal drugs that were found in his possession and, thus, the conviction was void ab initio; and (4) the sentencing court relied on an inaccurate and incomplete presentence investigation report.[3]

The court held a hearing on the motion following which it denied the motion, stating that the grounds raised in the motion were not the proper subject of a motion to correct an illegal sentence. After the defendant filed the present appeal from that judgment, the court, pursuant to this court's order, filed an articulation related to its rejection of the defendant's claims that the sentencing court had imposed an illegal sentence with regard to §§ 21a-278a (b) and 21a-278 (b), as well as its rejection of the claim that the sentence was illegal because the sentencing court did not believe it could depart from any applicable mandatory minimum sentences.

Before turning to the defendant's claims, we set forth some principles governing our review. "It is axiomatic that, in a criminal case, the jurisdiction of the sentencing

proceeding, the court denied a subsequent request by the defendant for the appointment of counsel. The defendant appeared pro se before the trial court and appears pro se in the present appeal.

[3] The defendant does not challenge the denial of this claim on appeal.

court terminates once a defendant's sentence has begun and a court may no longer take any action affecting a sentence unless it expressly has been authorized to act. . . . Providing such authorization to act, Practice Book § 43-22 states: The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner.

"An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is inherently contradictory. . . . Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates the defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . . We review the court's denial of the defendant's motion to correct the sentence under the abuse of discretion standard of review." (Citations omitted; internal quotation marks omitted.) *State* v. *Olson*, 115 Conn. App. 806, 810–11, 973 A.2d 1284 (2009).

I

First, the defendant claims that the court improperly rejected his claim that his sentence was imposed in an illegal manner because the sentencing court mistakenly believed that it was obligated to impose a mandatory minimum sentence of three years for his violation of § 21a-278a (b) and, thus, improperly failed to permit him to speak in mitigation of such sentence. We disagree.

At the time of sentencing, the sentencing court stated in relevant part: "On the charge of simple possession of a hallucinogenic, that's § 21a-279 (b), I'm going to

let the conviction stand. I'm not going to impose a sentence on that. I'm going to combine that with his conviction for possession of a hallucinogenic with intent to sell. That's § 21a-278 (b). I'm going to sentence you to the custody of the commissioner of correction for a period of fifteen years on that. And he was also convicted . . . of committing that offense within 1500 feet of a public housing project in violation of § 21a-278a (b), and there's a three year mandatory minimum—well, consecutive [sentence] that I must impose on that. So, I'll impose that. . . . So, that's a total effective sentence of eighteen years, and including five years mandatory minimum for the possession with intent to sell as a . . . person [who is not drug-dependent].

"For the charge of possession of marijuana, I'm going to [let] that conviction stand and combine that with the conviction for possession of marijuana with intent to sell. The possession is § 21a-279 (c), and the possession with intent to sell is § 21a-277 (b). On the possession with intent to sell, I'm going to commit you to the custody of the commissioner of correction for a period of . . . seven years. . . . That's going to be concurrent with the first sentence. So, the total effective sentence is eighteen years, including five years mandatory minimum, and I will waive any fees and costs."

In its written articulation, the trial court set forth several reasons for rejecting the defendant's claim. First, the court observed that the sentence imposed for the violation of § 21a-278 (b), fifteen years, fell within the statutory sentencing limits for the offense. The court noted that § 21a-278 (b) authorized the sentencing court to impose a term of imprisonment of between five and twenty years in duration. Second, the court observed that the sentence imposed for the violation of § 21a-278a (b), three years, was within the statutory sentencing limits for the offense. The court noted that § 21a-278a (b) provides that an offender "shall be imprisoned

for a term of three years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section . . . 21a-278." General Statutes § 21a-278a (b). Here, the court observed, the sentencing court imposed the statutorily prescribed sentence. Third, the court rejected the defendant's assertion that the sentencing court's remarks during the sentencing proceeding, as set forth earlier in this opinion, reflected its belief that it lacked the authority to deviate from any statutorily prescribed minimum sentence in accordance with General Statutes § 21a-283a[4] for good cause shown. The court noted that the sentencing court "was not required to depart from the mandatory minimum . . . regardless of whether the defendant showed good cause to the court." Furthermore, the court observed that the record of the sentencing proceeding reflected that the sentencing court heard mitigating arguments from both the defendant and his trial counsel. On the basis of the foregoing, the court concluded that the defendant had not demonstrated that the sentencing court abused its discretion by not departing from the mandatory minimum sentence for the violation of § 21a-278a (b) but had acted well within its discretion.

After carefully reviewing the record, we conclude that it does not support the defendant's arguments. The defendant's sentence fell within the relevant statutory

---

[4] General Statutes § 21a-283a provides in relevant part: "Notwithstanding any provision of the general statutes, when sentencing a person convicted of a violation of any provision of this chapter, except a violation of subsection (a) or (c) of section 21a-278a, for which there is a mandatory minimum sentence . . . the court may, upon a showing of good cause by the defendant, depart from the prescribed mandatory minimum sentence, provided the provisions of this section have not previously been invoked on the defendant's behalf and the court, at the time of sentencing, states in open court the reasons for imposing the particular sentence and the specific reason for imposing a sentence that departs from the prescribed mandatory minimum sentence.

sentencing limits. Furthermore, the sentencing court afforded the defendant and his trial counsel an ample opportunity to address it prior to the imposition of sentence, and both the defendant and his attorney addressed the sentencing court at length in an unmistakable effort to mitigate the sentence imposed. Contrary to the defendant's interpretation of the sentencing court's comments at the time of sentencing, the record does not suggest that the sentencing court believed that it could not depart from the mandatory minimum sentence for good cause shown. The sentencing court did not state that it would not consider departing from such mandatory minimum sentence but properly observed, in accordance with § 21a-278a (b), that its sentence for the violation of § 21a-278a (b) shall be consecutive to the sentence imposed under § 21a-278 (b). It was within the sentencing court's discretion to reject without discussion the defendant's attempt to demonstrate that a departure from any mandatory minimum sentence should occur in this case. Thus, we conclude that the court's analysis of the claim raised in the motion to correct was logically and legally sound; the defendant has not demonstrated that the court abused its discretion by denying the motion on these grounds.

II

Next, the defendant claims that the court improperly rejected his claim that his conviction under § 21a-278 (b) was void ab initio and that the sentencing court committed plain error by sentencing him pursuant to § 21a-278 (b). We reject this claim.

The gravamen of the claim is that, at trial, the state did not present evidence sufficient to demonstrate that the defendant had violated § 21a-278 (b), of which he stood charged. According to the defendant, the evidence did not support a finding that he had violated § 21a-278 (b) because the state demonstrated that he

possessed only a small amount of illegal drugs, including ecstasy. Essentially, the defendant is attacking the validity of his conviction by challenging the sufficiency of the evidence with regard to this offense. The defendant did not raise this argument in his direct appeal, and the court lacked the jurisdiction or the authority to consider such argument raised in the defendant's motion to correct an illegal sentence. The defendant was convicted of having violated § 21a-278 (b), and the sentencing court imposed sentence under that provision. The defendant's arguments do not concern the legality of his sentence or the manner in which it was imposed. Accordingly, we conclude that the court properly declined to consider the defendant's arguments in this regard. "Our Supreme Court has concluded that to invoke successfully the court's jurisdiction with respect to a claim of an illegal sentence, the focus cannot be on what occurred during the underlying conviction. . . . In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack." (Citations omitted; internal quotation marks omitted.) *State* v. *Koslik*, 116 Conn. App. 693, 699, 977 A.2d 275, cert. denied, 293 Conn. 930, 980 A.2d 916 (2009).

Insofar as this portion of the defendant's motion to correct constituted a collateral attack on his conviction and, thus, was outside of the court's jurisdiction, the court should have dismissed, rather than denied, this portion of the motion. See, e.g., *State* v. *Wright*, 107 Conn. App. 152, 157–58, 944 A.2d 991, cert. denied, 289 Conn. 933, 958 A.2d 1247 (2008).

### III

Finally, the defendant claims that the sentence imposed for his violation of §§ 21a-279 (b) and 21a-278 (b) violates the constitutional prohibition against double jeopardy in that it constituted a multiple punish-

ment for the same conduct. We decline to review this claim.

The defendant acknowledges that he did not raise this claim in his motion to correct or at any time before the trial court. The defendant argues that this unpreserved claim is reviewable under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine, codified in Practice Book § 60-5. Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) Id. An appellant may obtain review under the plain error doctrine upon a showing that failure to remedy an obvious error would result in manifest injustice. See, e.g., *State* v. *Myers*, 290 Conn. 278, 289, 963 A.2d 11 (2009) ("[an appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice" [internal quotation marks omitted]).

As set forth previously, in a motion to correct, a defendant properly may argue that his sentence is illegal because it violates his double jeopardy rights. Also, as set forth previously, "[t]he judicial authority may *at any time* correct an illegal sentence . . . ." (Emphasis added.) Practice Book § 43-22. Our Supreme Court has interpreted the term "judicial authority," as used in Practice Book § 43-22, to refer to the trial court, not the appellate courts of this state. See *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 38 n.13, 779 A.2d

80 (2001) ("[t]oday we clarify the meaning of 'judicial authority' in [Practice Book] § 43-22 . . . to mean solely the trial court").

Our rules of practice confer the authority to correct an illegal sentence on the trial court, and that court is in a superior position to fashion an appropriate remedy for an illegal sentence. See id., 39 (discussing trial court's unique access to certain remedies with regard to sentencing). Furthermore, the defendant has the right, at any time, to file a motion to correct an illegal sentence and raise the double jeopardy claim before the trial court. Typically, our appellate courts afford review under *Golding* or the plain error doctrine in circumstances in which the failure to undertake such an extraordinary level of review, effectively, would preclude an appellant from obtaining *any* judicial review of the claim raised. That is not the case here. Given the present circumstances, in which the defendant may seek and obtain any appropriate redress before the trial court, we are not persuaded that extraordinary review of the claim under *Golding* or the plain error doctrine is warranted or that our declining to review the claim would result in any hardship or injustice to the defendant.

The form of the judgment is improper. The judgment denying the portion of the defendant's motion to correct an illegal sentence in which the defendant argues that the evidence was insufficient to sustain his conviction under § 21a-278 (b) is reversed and the case is remanded with direction to render judgment of dismissal. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.