******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

## STATE OF CONNECTICUT *v.* MARLON SYMS
### (AC 42346)

Keller, Prescott and Devlin, Js.

*Syllabus*

The defendant, who had been convicted on pleas of guilty to robbery in the first degree and conspiracy to commit robbery in the first degree, appealed to this court from the trial court's denial of his motion to correct an illegal sentence. The defendant claimed that the agreement with the state under which he pleaded guilty required that his sentence run concurrently with a sentence he was then serving on an unrelated conviction. The plea agreement provided, inter alia, that, if the court imposed a period of incarceration of less than twenty years, it could impose a period of special parole, provided that the period of incarceration and the period of special parole did not cumulatively exceed twenty years. Defense counsel requested that the sentence the court would impose run concurrently with the sentence the defendant was then serving. The court sentenced the defendant to concurrent terms of fourteen years of incarceration on the robbery charges followed by six years of special parole and ordered that the sentence run consecutively to the sentence the defendant was currently serving. On appeal, the defendant claimed that his rights to due process were violated because the court did not advise him that his sentence could run consecutively to the sentence he was then serving, and because his sentence violated the double jeopardy clause of the United States constitution. *Held*:

1. The defendant's unpreserved claim that the trial court accepted his guilty pleas without advising him that his sentence could run consecutively to the sentence he was then serving could not be reviewed; review under *State* v. *Golding* (213 Conn. 233) was unwarranted because the defendant could file another motion to correct an illegal sentence, and this court's decision to decline review would not result in any hardship or injustice to the defendant.

2. The defendant could not prevail on his claim that the combination of the sentence of incarceration followed by special parole violated the prohibition against double jeopardy; the defendant's sentence was expressly authorized by statute (§ 53a-28 (b) (9)), and the combined period of incarceration and special parole did not exceed the maximum statutory sentence for the crimes of which the defendant was convicted.

Argued June 15—officially released September 15, 2020

*Procedural History*

Information charging the defendant with the crimes of robbery in the first degree and conspiracy to commit robbery in the first degree, brought to the Superior Court in the judicial district of Hartford, where the defendant was presented to the court, *Gold, J.*, on pleas of guilty; judgment of guilty in accordance with the pleas; thereafter, the court, *Baldini, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed.*

*David B. Bachman*, assigned counsel, for the appellant (defendant).

*Brett R. Aiello*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Richard R. Rubino*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DEVLIN, J. The defendant, Marlon Syms, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that (1) his sentencing violated his rights to due process under both the United States and Connecticut constitutions because the sentencing court did not ensure that his guilty pleas were knowing and voluntary, and (2) his sentence, consisting of a term of incarceration followed by a period of special parole, violated the federal constitutional protection against double jeopardy. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's claims on appeal. On March 19, 2009, in the Hartford judicial district, the defendant entered guilty pleas under the *Alford* doctrine[1] to one count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), and one count of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (4). The plea agreement provided for a sentence of incarceration ranging between ten and twenty years, subject to the discretion of the sentencing court. The plea agreement further provided that, if the court imposed a period of incarceration of less than twenty years, it could impose a period of special parole provided that the period of incarceration and special parole did not cumulatively exceed twenty years. The court, *Gold, J.*, canvassed the defendant on his pleas, accepted them, and entered findings of guilty on both charges.

The defendant's sentencing hearing occurred on June 24, 2009, in Hartford. During the hearing, defense counsel informed the court that the defendant was then serving a two year sentence imposed in July, 2008, in an unrelated case, in the judicial district of Tolland at Rockville. Defense counsel requested that the Hartford sentence run concurrently with the Rockville sentence. The court imposed a sentence of fourteen years of incarceration followed by six years of special parole on each of the counts to run concurrently with each other. The court further ordered that the Hartford sentence would run consecutively to the Rockville sentence that the defendant was already serving.

The defendant never moved to withdraw his plea, and he did not file a direct appeal challenging the validity of his plea. In 2010, he filed a petition for a writ of habeas corpus, asserting that his attorney had rendered ineffective assistance because he did not advise him of the risk that his robbery sentence in Hartford could run consecutively to the sentence he was serving that was imposed in Rockville. The habeas court denied the petition, ruling that the defendant had not proved prejudice under the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985),[2]

because, even if his attorney had advised him of the risk, he still would have pleaded guilty to the charges. This court affirmed that decision. *Syms* v. *Commissioner of Correction*, 153 Conn. App. 904, 100 A.3d 473, cert. denied, 315 Conn. 905, 104 A.3d 758 (2014).

On March 8, 2018, the defendant filed an amended motion to correct an illegal sentence, arguing that the plea agreement required his sentence in this matter to run concurrently with his previous two year sentence.[3] On June 8, 2018, the trial court, *Baldini, J.*, held a hearing on the motion. At the hearing, the defendant also argued that, by imposing a sentence that included both a period of incarceration and special parole, the trial court had violated the constitutional prohibition against double jeopardy. The trial court denied the defendant's motion. The court found that whether the Hartford sentence would run concurrently or consecutively to the Rockville sentence was not addressed in the plea agreement. The court also ruled that the sentence imposed was expressly authorized by General Statutes § 53a-28 (b) (9) and did not violate the double jeopardy clause or exceed the maximum statutory penalties. This appeal followed.

The following principles govern our review of a trial court's decision on a motion to correct an illegal sentence. "It is axiomatic that, in a criminal case, the jurisdiction of the sentencing court terminates once a defendant's sentence has begun and a court may no longer take any action affecting a sentence unless it expressly has been authorized to act. . . . Providing such authorization to act, Practice Book § 43-22 states: The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." (Internal quotation marks omitted.) *State* v. *Starks*, 121 Conn. App. 581, 585–86, 997 A.2d 546 (2010). "An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is inherently contradictory." (Internal quotation marks omitted.) Id., 586. With these principles in mind, we address the defendant's claims in turn.

I

The defendant first claims that the court violated his due process rights by accepting his guilty pleas without advising him that his sentence could run consecutively to the unrelated sentence he was then serving. As a result of this omission in the plea canvass, the defendant asserts, his guilty pleas were not knowing and voluntary. It is undisputed that this claim was not raised in the trial court. Because the defendant did not raise this due process claim in his motion to correct an illegal sentence, it is unpreserved and he seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823

(1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). We conclude that the claim is unreviewable.

In *State* v. *Starks*, supra, 121 Conn. App. 592, this court held that *Golding* review of an unpreserved constitutional claim is unavailable in an appeal from the denial of a motion to correct an illegal sentence filed pursuant to Practice Book § 43-22. In *Starks*, this court reasoned that the extraordinary review of the claim under *Golding* was unwarranted in an appeal from a motion to correct an illegal sentence because the defendant may seek and obtain any appropriate redress before the trial court by filing another motion to correct. Id. Accordingly, as in *Starks*, because declining to review the unpreserved constitutional claim in this case would not result in any hardship or injustice to the defendant, he is not entitled to *Golding* review of that claim. See id.[4]

II

The defendant also claims that the court improperly concluded that his total effective sentence did not violate the constitutional prohibition against double jeopardy. The state contends that Connecticut law expressly authorizes the sentence imposed on the defendant and, as such, does not violate the prohibition against double jeopardy. We agree with the state.

"A double jeopardy claim . . . presents a question of law, over which our review is plenary." (Internal quotation marks omitted.) *State* v. *Bennett*, 187 Conn. App. 847, 851, 204 A.3d 49, cert. denied, 331 Conn. 924, 206 A.3d 765 (2019). The double jeopardy clause prohibits multiple punishments for the same offense in a single trial. *State* v. *Hearl*, 182 Conn. App. 237, 271, 190 A.3d 42, cert. denied, 330 Conn. 903, 192 A.3d 425 (2018).

This court, in *State* v. *Farrar*, 186 Conn. App. 220, 199 A.3d 97 (2018), rejected a due process claim on similar facts on the ground that the sentence was explicitly authorized by § 53a-28 (b) (9). Id., 223. In *Farrar*, the defendant was sentenced to a total effective term of seven years of incarceration followed by eight years of special parole. Id., 222. The defendant filed a motion to correct an illegal sentence, claiming that his sentence was a violation of his constitutional right against double jeopardy. Id. The trial court denied the defendant's motion, and this court affirmed the judgment on the ground that the sentence was explicitly authorized by § 53a-28 (b) (9). Id., 223. Section 53a-28 (b) provides in relevant part that "when a person is convicted of an offense, the court shall impose one of the following . . . (9) a term of imprisonment and a period of special parole . . . ." Accordingly, the court in *Farrar* held that an imposition of a term of imprisonment and a period of special parole does not constitute an illegal sentence, provided that the term of imprisonment and

the term of special parole do not exceed the statutory maximum for the crime of which the defendant was convicted. *State* v. *Farrar*, supra, 223.

In the present appeal, the same analysis applies. The defendant's sentence does not violate the prohibition against double jeopardy because it is expressly authorized by § 53a-28 (b) (9), and his combined period of incarceration and years of special parole—twenty years—does not exceed the maximum statutory sentence for the crimes of which the defendant was convicted.[5]

The defendant heavily relies on *State* v. *Boyd*, 272 Conn. 72, 861 A.2d 1155 (2004), to support his double jeopardy claim. Contrary to the defendant's assertion, the decision in *Boyd* is not applicable to the appeal now before the court. In *Boyd*, the defendant received a sentence of two years and one day of incarceration followed by two years of special parole. Id., 74. In considering the defendant's motion to modify that sentence, the trial court ruled that the sentence exceeded three years and was, in effect, a definite sentence of four years and one day of incarceration, and, thus, the defendant needed prosecutor approval to seek modification pursuant to General Statutes § 53a-39.[6] Id. In arriving at its decision, the trial court relied on case law describing split sentences that have both an executed and unexecuted portion, the combination of which constitutes the definite sentence for sentence modification purposes. Id., 75. In *Boyd*, our Supreme Court, also in the context of a motion to modify a sentence pursuant to § 53a-39, held that for purposes of the special parole statute (General Statutes § 54-125e (a)), the term "definite sentence" refers only to the period of incarceration that precedes special parole. Id., 79.

In the present appeal, the defendant claims that the combination of the definite sentence of fourteen years of incarceration with the special parole of six years violates the prohibition against double jeopardy. This argument lacks merit because, as stated, our law contemplates and expressly authorizes sentences with components of incarceration and special parole in § 53a-28 (b) (9). *Boyd* concerned sentence modification and did not involve any constitutional claims asserting a violation of double jeopardy or motions to correct illegal sentences. Therefore, *Boyd* has no bearing on the current appeal, and the defendant's sentence of incarceration followed by special parole does not violate the constitutional prohibition against double jeopardy.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] "For claims of ineffective assistance of counsel arising out of the plea

process, the United States Supreme Court [in *Hill* v. *Lockhart*, supra, 474 U.S. 59] has modified the second prong of the [test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] to require that the petitioner produce evidence that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Thiersaint* v. *Commissioner of Correction*, 316 Conn. 89, 101, 111 A.3d 829 (2015).

[3] On March 11, 2018, the defendant also filed a motion for specific performance of the plea agreement, which is not at issue on appeal.

[4] We note that, even if the defendant's due process claim was reviewable under *Golding*, it would fail under *Golding*'s third prong because the trial court lacked subject matter jurisdiction over this claim. This is because the defendant's claim is not addressed to his sentence but, rather, to the court's acceptance of his guilty plea. "In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the [proceeding] leading to the conviction, must be the subject of the attack." *State* v. *Lawrence*, 281 Conn. 147, 158, 913 A.2d 428 (2007); see also *State* v. *Casiano*, 122 Conn. App. 61, 68, 998 A.2d 792 (trial court lacked jurisdiction to consider motion to correct illegal sentence that was based on "alleged flaws in the court's acceptance of the [guilty] plea"), cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).

[5] The defendant was charged with one count of robbery in the first degree pursuant to § 53a-134 (a) (4) and one count of conspiracy to commit robbery in the first degree pursuant to §§ 53a-48 and 53a-134 (a) (4). Both charges are class B felonies pursuant to General Statutes § 53a-35 (b) (2) and carry maximum sentences of twenty years each. Accordingly, the maximum statutory sentence that the defendant faced was twenty years of incarceration on each count charged for a potential maximum of forty years of incarceration.

[6] General Statutes § 53a-39 provides in relevant part: "(a) At any time during the period of a definite sentence of three years or less, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced.

"(b) At any time during the period of a definite sentence of more than three years, upon agreement of the defendant and the state's attorney to seek review of the sentence, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced. . . ."