******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* GREGORY PIERRE
## (AC 40618)

Elgo, Suarez and Devlin, Js.

*Syllabus*

Convicted, inter alia, of the crimes of manslaughter in the first degree, felony murder and two counts of kidnapping in the first degree in violation of statute (§ 53a-92 (a) (2) (A) and (B)), the defendant appealed to this court from the judgment of the trial court denying his motion to correct an illegal sentence. The sentencing court had merged the defendant's manslaughter conviction into the felony murder conviction and sentenced him to sixty years of incarceration on the felony murder conviction. The court also sentenced the defendant to twenty-five years of incarceration on each of the two counts of kidnapping. In his motion to correct, the defendant claimed, inter alia, that the constitutional prohibition against double jeopardy was violated because, under a retroactive application of *State* v. *Polanco* (308 Conn. 242), the sentencing court incorrectly merged the felony murder and manslaughter convictions instead of vacating the manslaughter conviction. He further claimed that he was unlawfully convicted of and sentenced on the two kidnapping counts because each count arose out of the same act or transaction, and the trial court improperly failed to vacate one of the kidnapping convictions. *Held* that the trial court improperly denied the defendant's motion to correct an illegal sentence as to his challenge to the court's failure to vacate the manslaughter conviction, and, because the form of the court's judgment was improper, its judgment was reversed as to that claim and the case was remanded with direction to dismiss the motion to correct as to that claim: the trial court lacked jurisdiction over the defendant's claim that the manslaughter conviction should have been vacated, as he did not assert that his sentence was affected by his conviction of the felony murder and manslaughter charges, he was not sentenced on the merged manslaughter conviction, and the only relief he sought in his motion to correct was the vacatur of the manslaughter conviction; moreover, the defendant's claim that his sentence on each of the kidnapping counts violated his right to be free of double jeopardy was unavailing, as subparagraphs (A) and (B) of § 53a-92 (a) (2) are separate offenses for double jeopardy purposes.

Argued May 27—officially released September 14, 2021

*Procedural History*

Substitute information charging the defendant with two counts of the crime of kidnapping in the first degree, and with one count each of the crimes of capital felony, murder, felony murder and robbery in the first degree, brought to the Superior Court in the judicial district of New London and tried to the jury before *Schimelman, J.*; verdict and judgment of guilty of two counts of kidnapping in the first degree, and one count each of felony murder, robbery in the first degree and the lesser included offense of manslaughter in the first degree, from which the defendant appealed; thereafter, this court, *Foti, West* and *Hennessey, Js.*, affirmed the trial court's judgment and, on the granting of certification, the defendant, appealed to the Supreme Court, which affirmed this court's judgment; subsequently, the court, *Strackbein, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Improper form of judgment*; *affirmed in part*; *judgment directed in part.*

*Gregory Pierre*, self-represented, the appellant (defendant).

*Michael L. Regan*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Gregory Pierre,[1] appeals from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant argues that the court abused its discretion in denying his motion. He claims that his sentence violated the constitutional prohibition against double jeopardy, which is enshrined in the fifth amendment to the United States constitution and made applicable to the states through the fourteenth amendment, because (1) the court improperly merged his felony murder and manslaughter convictions, and (2) he was unlawfully convicted of and sentenced on two counts of kidnapping in the first degree for a single act. With respect to the first claim, we conclude that the form of the judgment is improper, and we remand the case to the trial court with direction to dismiss the portion of the motion to correct in which the petitioner raised that claim. We affirm the judgment of the trial court in all other respects.

The record reveals that, in 2001, following a jury trial, the defendant was convicted of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1), felony murder in violation of General Statutes § 53a-54c, robbery in the first degree in violation of General Statutes § 53a-134 (a) (1), and two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and (B).[2] At the time of sentencing, the court, *Schimelman, J.*, merged the manslaughter conviction into the felony murder conviction and imposed a sentence of sixty years of imprisonment with respect to the felony murder conviction. The court imposed a sentence of twenty-five years of imprisonment with respect to each of the kidnapping convictions and imposed a sentence of twenty years of imprisonment with respect to the robbery conviction. The sentences for the kidnapping and robbery convictions were concurrent to each other but consecutive to the sentence imposed for felony murder. Thus, the court imposed a total effective sentence of eighty-five years of imprisonment. Thereafter, the defendant appealed, and this court affirmed the judgment of conviction. *State* v. *Pierre*, 83 Conn. App. 28, 847 A.2d 1064 (2004), aff'd, 277 Conn. 42, 890 A.2d 474, cert. denied, 547 U.S. 1197, 126 S. Ct. 2873, 165 L. Ed. 2d 904 (2006).[3]

On September 28, 2015, the defendant, pursuant to Practice Book § 43-22, filed a motion to correct an illegal sentence and a supporting memorandum of law. The motion set forth two grounds. First, the defendant argued that the sentencing court's merger of the felony murder and manslaughter convictions was improper under a retroactive application of the rule set forth in *State* v. *Polanco*, 308 Conn. 242, 61 A.3d 1084 (2013). In *Polanco*, our Supreme Court, in the exercise of its supervisory authority, determined that, "when a defendant is convicted of greater and lesser included

offenses, the trial court shall vacate the conviction for the lesser offense rather than merging it with the conviction for the greater offense." Id., 260. Relying on *Polanco*, the defendant in the present case asserted that the proper remedy was for his conviction of manslaughter to be vacated. Second, the defendant argued that, in violation of double jeopardy principles, his multiple kidnapping convictions arose from the same act or transaction. The defendant asserted that the proper remedy was for one of the kidnapping convictions to be vacated. The state filed a memorandum of law in opposition to the motion to correct. On April 29, 2016, the court, *Strackbein, J.*, heard argument from the parties with respect to the motion. On May 2, 2016, the court, in a memorandum of decision, denied the motion.

Pursuant to Practice Book § 43-22, "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." "We review the [trial] court's denial of [a] defendant's motion to correct [an illegal] sentence under the abuse of discretion standard of review. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did. . . .

"An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is inherently contradictory. . . . Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates the defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keeps its plea agreement promises . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Logan*, 160 Conn. App. 282, 287–88, 125 A.3d 581 (2015), cert. denied, 321 Conn. 906, 135 A.3d 279 (2016). On appeal, the defendant relies on the same two grounds that he raised before the trial court.[4]

The defendant's first claim, which challenges the merger of his felony murder and manslaughter convictions, is controlled by our Supreme Court's recent decision in *State* v. *Smith*, 338 Conn. 54,      A.3d (2021).[5] In *Smith*, one of the defendant's codefendants, in a motion to correct an illegal sentence, raised the exact same claim as the claim presently before us. See id., 58; see also footnote 2 of this opinion. After the trial court in *Smith* denied the motion to correct, the defendant appealed to this court, which affirmed the

judgment on its merits. *State* v. *Smith*, 180 Conn. App. 371, 384, 184 A.3d 831 (2018), rev'd, 338 Conn. 54, A.3d      (2021). Following a grant of certification to appeal related solely to the merger claim, our Supreme Court in *Smith* concluded that the trial court lacked jurisdiction to entertain the claim because (1) the defendant had not claimed that his *sentence* was affected by the alleged cumulative convictions, (2) the sentencing court had not imposed any sentence on the merged manslaughter conviction, and (3) the only relief sought by the defendant in the motion to correct was the vacatur of the manslaughter conviction. *State* v. *Smith*, supra, 338 Conn. 63–64. Relying on *Smith*, we conclude that the trial court in the present case lacked jurisdiction over the defendant's merger claim, and, with respect to this claim, the court should have dismissed, rather than denied, the motion to correct an illegal sentence.[6]

The defendant's second claim, which challenges the multiple kidnapping convictions allegedly arising out of the same act or transaction, is controlled by this court's decision in *State* v. *Smith*, supra, 180 Conn. App. 379. The defendant in *Smith*, like the defendant in the present case, was convicted of one count of kidnapping in violation of § 53a-92 (a) (2) (A) and one count of kidnapping in violation of § 53a-92 (a) (2) (B). Id. The convictions in *Smith* were based on the same operative facts as those at issue in the present case, involving a single victim. See id. The defendant's double jeopardy claim in *Smith* is identical to the double jeopardy claim raised by the defendant in the present case. In *Smith*, this court rejected the claim on the ground that subparagraphs (A) and (B) of § 53a-92 (a) (2) are separate offenses for double jeopardy purposes. Relying on this court's opinion in *Smith*, we conclude that the trial court in the present case properly denied the defendant's motion to correct with respect to this claim.

The form of the judgment is improper with respect to the trial court's denial of the portion of the motion to correct an illegal sentence in which the defendant claimed that the sentencing court improperly merged the homicide convictions, and the case is remanded to the trial court with direction to dismiss that portion of the motion to correct; the judgment is affirmed in all other respects.

[1] The defendant was self-represented before the trial court and is self-represented in the present appeal.

[2] In a separate trial, one of the defendant's codefendants, Jeffrey Smith, was convicted of the same charges as those of which the defendant was convicted. See *State* v. *Smith*, 107 Conn. App. 746, 946 A.2d 926, cert. denied, 288 Conn. 905, 953 A.2d 650 (2008). An additional codefendant, Abin Britton, was convicted in a separate trial of manslaughter in the first degree, two counts of kidnapping in the first degree, and one count of robbery in the first degree. See *State* v. *Britton*, 283 Conn. 598, 600, 929 A.2d 312 (2007).

[3] A detailed recitation of the facts underlying the judgment of conviction is set forth in *State* v. *Pierre*, 277 Conn. 42, 47–52, 890 A.2d 474, cert. denied, 547 U.S. 1197, 126 S. Ct. 2873, 165 L. Ed. 2d 904 (2006).

[4] We note however, that, in his appellate brief, the defendant has substantively changed what *relief* he believes to be proper with respect to his first

claim. Specifically, he argues that the proper remedy with respect to that claim is for the conviction of felony murder to be vacated, instead of the manslaughter conviction, and he seeks to be resentenced accordingly. We decline to consider this unpreserved alteration in the defendant's claim. See, e.g., *State* v. *Syms*, 200 Conn. App. 55, 59–60, 238 A.3d 135 (2020) (declining to review claim not raised in motion to correct illegal sentence); *State* v. *Starks*, 121 Conn. App. 581, 592, 997 A.2d 546 (2010) (review under *State* v. *Golding*, 213 Conn, 233, 239–40, 567 A.2d 823 (1989), is unavailable in appeal from denial of motion to correct illegal sentence brought under Practice Book § 43-22).

[5] This court stayed the present appeal pending our Supreme Court's final determination in *State* v. *Smith*, supra, 338 Conn. 54. Prior to oral argument before this court, which took place on May 27, 2021, this court notified the parties to be prepared to address the impact of *Smith* on this appeal.

[6] Our Supreme Court's grant of certification to appeal in *Smith* was limited to the issue of whether the trial court properly denied the claim raised in the motion to correct that the sentencing court had improperly merged the homicide convictions; the certified issue was whether *Polanco* should be applied retroactively. See *State* v. *Smith*, 330 Conn. 908, 193 A.3d 559 (2018). Thus, our Supreme Court's grant of certification did not encompass the other double jeopardy claims that this court considered and rejected on their merits in *State* v. *Smith*, supra, 180 Conn. App. 376–79, nor did the court in its opinion refer to this court's resolution of those claims. We note, however, that, in *Smith*, our Supreme Court stated that this court's judgment was "reversed," and it remanded the case to this court with direction to remand the case to the trial court with direction to dismiss the defendant's motion to correct an illegal sentence. *State* v. *Smith*, supra, 338 Conn. 65.

Because our Supreme Court did not grant certification to appeal with respect to this court's resolution of the other double jeopardy claims resolved in *State* v. *Smith*, supra, 180 Conn. App. 376–79, our Supreme Court did not address the other claims in any manner in its opinion, and its conclusion with respect to the certified issue related to merger does not appear to have required a different outcome with respect to the other claims, we do not interpret the court's opinion to have reversed this court's judgment with respect to those other claims.

---